UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **GERALD S. WASSERMAN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 4:06 CV 0006 |
| | ) |
| **PURDUE UNIVERSITY, through its** | ) |
| **President, Martin C. Jischke, and the** | ) |
| **Purdue University Board of Trustees, ET AL.**) | |
| | ) |
| Defendants. | ) |

## MEMORANDUM, OPINION, AND ORDER

On February 8, 2006, Magistrate Judge Cherry issued a Report and Recommendation on Plaintiff's Amended Verified Motion for Temporary Restraining Order and Preliminary Injunction ("Amended Verified Motion") [Docket No. 12] and on Defendant Purdue University's Motion to Dismiss Plaintiff's Complaint for Temporary Restraining Order and Preliminary Injunction ("Motion to Dismiss") [Docket No. 24]. Magistrate Judge Cherry recommended that this Court deny the Plaintiff's Amended Verified Motion [Docket No. 12] and grant Defendant Purdue University's Motion to Dismiss [Docket No. 24]. Magistrate Judge Cherry also recommended that the Amended Complaint seeking the issuance of a permanent injunction in addition to fees and costs remain pending. Now before the Court are Defendant's Response to the Report and Recommendation [Docket No. 28], Plaintiff's Petition to Review and Objections to the

Report and Recommendation [Docket No. 29], and Defendant's Supplemental Response [Docket No. 32].

For the reasons stated below, Plaintiff's Objections [Docket No. 29]are **DENIED**. This Court agrees with the objection raised by Defendant in its Response to the Report and Recommendation.  Insofar as the Report and Recommendation advises that the Amended Complaint seeking the issuance of a permanent injunction in addition to fees and costs should remain pending, the Report and Recommendation is rejected.  All other parts of the Report and Recommendation are adopted by this Court.

## I.  Procedural History and Factual Background

The Plaintiff, Gerald S. Wasserman ("Wasserman"), is a sixty-eight (68) year old, tenured professor in the Purdue University Department of Psychological Sciences. Wasserman has been employed at Purdue since 1975, and his primary area of research is attention disorders.  In the Fall of 2004, Purdue hired Dr. Kimberly Kinzig to fill the first of two tenure track positions intended as part of Purdue's Ingestive Behavior Research Center ("IBRC") research core.  In February 2005, the IBRC submitted a Program Project Grant Application to the National Institutes for Health which included research to be done by Dr. Kinzig.  On August 16, 2005, Howard Weiss ("Weiss"), the Chairman of the Department of Psychology, informed Wasserman that he had to vacate his currently-assigned laboratory by the end of the Fall Semester of that year.  Amended Complaint at ¶ 21.

On January 27, 2006, Wasserman filed an Amended Complaint, naming the following Defendants: Purdue University, through its President, Martin C. Jischke, and the Purdue University Board of Trustees; Purdue University College of Liberal Arts, through Thomas Adler, in his official capacity as Dean; and Purdue University Department of Psychological Sciences, though Howard M. Weiss, in his official capacity as Chairman.  In the Amended Complaint, Wasserman alleges discrimination on the basis of age, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq*.  Specifically, Wasserman asserted that Purdue forced him to vacate his current laboratory space at Purdue in favor of a younger professor.  Amended Verified Motion at ¶ 2.  Wasserman alleges that Purdue, through Defendants Weiss and Adler, retaliated against him after he filed his Charge of Discrimination with the Equal Employment Opportunity Commission in an effort to force him out of his lab.  *Id*. at ¶ 6.  Wasserman seeks the issuance of a permanent injunction in addition to fees and costs.  Report and Recommendation at 2.

On February 3, 2006, Defendant Purdue filed its Motion to Dismiss Plaintiff's Complaint for Temporary Restraining Order and Preliminary Injunction.[1]  Then, on February 6, 2006, Wasserman filed a reply brief.  Magistrate Judge Cherry issued his

---

[1] Magistrate Judge Cherry construed Defendant Purdue University's Motion to Dismiss Plaintiff's Complaint for Temporary Restraining Order and Preliminary Injunction as a motion to dismiss Plaintiff's Verified Motion for Temporary Restraining Order and Preliminary Injunction rather than a motion to dismiss the Complaint or Amended Complaint based on the title of the pleading and the opening paragraph.  The Defendant did not object to this construction.

Report and Recommendation to this Court on February 8, 2006.

## II.  Standard of Review

When dealing with dispositive claims or defenses of a party, once a timely objection has been filed to the magistrate judge's report and recommendation, the district judge must undertake a *de novo* review of the record.   28 U.S.C. § 636(b)(1)(B), (C); Fed.R.Civ.P. 72(b); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The court may accept, reject, or modify the magistrate judge's recommended decision. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999).  The court need not conduct a new hearing on the entire matter, but must give "fresh consideration to those issues to which specific objections have been made." 12 Wright & Miller, Federal Practice and Procedure, § 3076.8, at p. 56 (1992 Pocket Part); *See also Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995).

## III.  Discussion

Plaintiff makes two main objections to the Report and Recommendation: (1) that the Magistrate Judge erred in failing to distinguish between Purdue University and its Board of Trustees with regard to Eleventh Amendment immunity; and (2) that it was error to extend Eleventh Amendment immunity to Purdue University College of Liberal Arts and its Department of Psychological Sciences where the Plaintiff named the dean and department chair acting in their official capacities.  The only issue raised by the Defendant is that this Court lacks subject matter jurisdiction to hear a permanent

4

injunction request in the absence of subject matter jurisdiction to hear a Temporary Restraining Order or preliminary injunction request.  Each of these objections will be addressed in turn.

### A.  Purdue University Board of Trustees' Eleventh Amendment Immunity

Plaintiff's primary objection to the Report and Recommendation is rooted in Magistrate Judge Cherry's finding that Wasserman's claim against the Purdue University Board of Trustees is barred by Eleventh Amendment Immunity.  Wasserman asserts that, in making this finding, Magistrate Judge Cherry failed to "recognize the crucial distinction between Purdue University and the Purdue University Board of Trustees."  Plaintiff's Objections at 6.  Wasserman named both Purdue University and the Purdue Board of Trustees as defendants in his Amended Complaint and asserts that the "Board of Trustees, in their [sic] official capacity, is subject to claims for injunctive relief under the ADEA."  Plaintiff's Objections at 2.  Wasserman cited *Kashani v. Purdue Univ.*, 813 F.2d 843, 844 (7th Cir. 1987) to support his contention that the Board of Trustees is an entity separate from Purdue University.  *Id.* at 5.  As such, Wasserman contends that this Court should reject Magistrate Judge Cherry's finding that Purdue University's Board of Trustees is a state agency entitled to Eleventh Amendment immunity.

To obtain a preliminary injunction, Wasserman must show: (1) that he has a likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) that he would suffer irreparable harm if the injunction is not granted.  *Foodcomm Int'l v.*

5

*Barry*, 328 F.3d 300, 303 (7th Cir. 2003); *Promatek Industries, Ltd. v. Equitrac Corp.*, 300 F.3d 808, 811 (7th Cir. 2002).  The ADEA, however, raises particular jurisdictional concerns under the Eleventh Amendment that must be addressed before the merits of a case brought under that Act are considered.

The Eleventh Amendment to the United States Constitution bars private suits for money damages against states in federal court.  The Eleventh Amendment states:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

This Amendment ultimately guarantees that "nonconsenting States may not be sued by private individuals in federal court." *Bd. of Tr. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001); *See Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000).  This immunity may be abrogated by Congress when Congress "both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority.'" *Garrett*, 531 U.S. at 363 (quoting *Kimel*, 528 U.S. at 73).

Absent waiver or consent, the Eleventh Amendment bars suit against a state or one of its instrumentalities in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *Cannon v. Univ. of Health Sciences/Chicago Medical Sch.*, 710 F.2d 351 (7th Cir. 1983); *Burr v. Duckworth*, 547 F. Supp. 192, 193 (N.D. Ind. 1982).

When a court considers a claim of Eleventh Amendment immunity, it must first determine whether the plaintiff is suing the state. This inquiry involves deciding whether the entity raising the defense can be considered an "agency or instrumentality" of the state. The Supreme Court of Indiana has expressly held Purdue University to be "an educational institution belonging to the State of Indiana." *Russell v. Tr. of Purdue Univ.*, 201 Ind. 367, 385, 168 N.E. 529, 535 (1929). *See also Sendak v. Tr. of Indiana Univ.*, 254 Ind. 390, 397, 260 N.E.2d 601, 604 (1970). Courts in this Circuit have also held that Purdue University is an arm of the state. *Williamson v. Indiana Univ.*, 345 F.3d 459, 463 (7th Cir. 2003); *Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000); *Kaimowitz v. Bd. of Tr. of Univ. of Illinois*, 951 F.2d 765, 767 (7th Cir. 1991); *Davidson v. Bd. of Governors of State Colls. and Univs. for W. Ill. Univ.*, 920 F.2d 441, 442 (7th Cir. 1990); *Shelton v. Tr. of Indiana Univ.*, 891 F.2d 165, 166 (7th Cir. 1989); *Kashani*, 813 F.2d at 845).[2] Therefore, the issue here is not whether Purdue University is a state agency and an arm of the state entitled to Eleventh Amendment immunity. Rather, the issue is whether a distinction must be drawn between Purdue University and the Purdue University Board of

---

[2] In *Kashani*, the court found that Purdue, as a state university, was financially dependent on the state by looking at factors such as the university's income from state appropriations, the state budgetary constraints on university spending, the university's inability to levy taxes, and restrictions on fund-raising. *Kashani*, 813 F.2d at 845-46; *Shannon v. Bepko*, 684 F.Supp. 1465, 1470-71 (S.D. Ind. 1988). The court also looked specifically at the governor's power to appoint the majority of the university trustees and the Indiana General Assembly's power to amend or repeal the powers and duties of the trustees. *Kashani*, 813 F.2d at 847; *Shannon*, 684 F.Supp. at 1473 (internal citations omitted).

Trustees for Eleventh Amendment purposes.

In *Wellman v. Tr. of Purdue Univ.*, this Court stated, "[f]or purposes of Eleventh Amendment immunity, no distinction can, should, or will be drawn between Purdue University and its Board of Trustees." 581 F. Supp. 1228, n.1 (N.D. Ind. 1984). Other circuits have reached the same conclusion. In *Barde v. Tr. of Reg'l Community Colls.*, the court stated, "[a]lthough the named defendant here is the board of trustees of regional community colleges, these colleges are state public institutions and the real party in interest is the state. '[S]ince the state can only act through its officers and agents a suit against a state officer [or board] is in effect one against the sovereign state.'" *Barde*, 539 A.2d 1000, 1003 (Conn. 1988) (quoting *Horton v. Meskill*, 172 Conn. 615, 623, 376 A.2d 359 (1977)).

Here, Wasserman named the Purdue University Board of Trustees as a Defendant in this case, and the Board of Trustees is a political arm of the state which is immune to suit. He did not name the individual members of the Board of Trustees, in their official or individual capacities. Because Purdue has not waived that immunity, the Eleventh Amendment precludes this court from exercising jurisdiction.

### B. Eleventh Amendment Immunity and Remaining Defendants

Wasserman also objects to Magistrate Judge Cherry's finding that, because Purdue University is a state agency for Eleventh Amendment immunity purposes, its "immunity extends to its colleges and academic departments." Plaintiff's Objections at 6 (quoting

8

Report and Recommendation at p. 9). Wasserman asserts that a plaintiff may "bring claims against 'parts of the university,' that is, its schools and/or departments, so long as such claims are pursued through state officials and seek only injunctive relief." *Id*. at 7. Wasserman argues that, under *Ex parte Young*, 209 U.S. 123 (1908), he is able to petition for injunctive relief against individuals in their official capacities and contends that, under *Peirick v. Indiana Univ. - Purdue Univ. Indianapolis Athletics Dept.*, his claims against the Purdue University College of Liberal Arts and its Department of Psychological Sciences are viable. 2005 WL 1518663 (S.D. Ind., June 27, 2005). Wasserman's argument is misplaced.

State universities and their officials are alter-egos of the state. *Garrett*, 531 U.S. at 356; *Kimel*, 528 U.S. at 62; *Regents of the Univ. of California v. Doe*, 519 U.S. 425 (1997); *Cannon*, 710 F.2d at 356-57. When the state is the real party in interest, private suits for monetary damages against state universities and their officials are barred unless the state waives its Eleventh Amendment immunity.[3] *Edelman v. Jordan*, 415 U.S. 651, 664-71, 94 S.Ct. 1347, 1356-60, 30 L.Ed.2d 662 (1974); *Powers*, 226 F.3d at 818. *See also Sardon v. Cooper*, No. 95 C 5084, 1996 WL 41483 (N.D. Ill. 1996) (citing *Scott*, 975 F.2d at 369).

This Court construes Wasserman's Amended Complaint and his Amended

---

[3] However, state officials may be sued in their official capacity for injunctive relief. In *Peirick*, the Court stated that injunctive relief against state officials in their official capacities is available under *Ex parte Young*. 2005 WL 1518663; *Kashani*, 813 F.2d at 848.

9

Verified Motion for Temporary Restraining Order and Preliminary injunction to have named Purdue University College of Liberal Arts and the Purdue University Department of Psychological Sciences as Defendants in this case and not to have named Adler and Weiss as Defendants in either their individual or official capacities. Thus, Wasserman has brought suit against two *entities*–Purdue University College of Liberal Arts and the Purdue University Department of Psychological Sciences–through individuals acting in their official capacities.

The Eleventh Amendment precludes private suits for monetary damages against state universities because those universities are arms of the state. That immunity extends to the universities' departments and colleges. As mere parts of the university, colleges and academic departments cannot be sued. IND. CODE § 20-12-36-4. Here, Wasserman has brought suit against the College of Liberal Arts and Sciences and the Department of Psychological Sciences; he has not brought suit against Weiss and Adler in their individual or official capacities.[4] Therefore, all Constitutional and state-law claims asserted against Purdue University, the Board of Trustees, and the individual Defendants in their official capacities are barred by the Eleventh Amendment to the United States

---

[4] Suing Weiss and Adler in their official capacities in untenable. In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the Supreme Court held that the distinction between official-capacity suits and personal-capacity suits is more than "a mere pleading device." *Ibid.* In *Hafer v. Melo*, 502 U.S. 21, 27 (1991), the Court held, "[S]tate officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Hafer*, 502 U.S. at 27 (internal citations omitted).

Constitution. This court adopts Magistrate Judge Cherry's finding that the Eleventh Amendment protects these individuals from being sued in their official capacities.

### C. Subject Matter Jurisdiction Over the Amended Complaint

Defendants support this Court's adoption of Magistrate Judge Cherry's grant of dismissal for lack of subject matter jurisdiction but contend that the entire Amended Complaint should be dismissed. Specifically, Defendants state that the "Magistrate's Findings, Report and Recommendation does not identify any authority for this Court to retain subject matter jurisdiction to hear a permanent injunction request in the absence of subject matter jurisdiction to hear a TRO or preliminary injunction request." Defendant's Response at 2. When the Eleventh Amendment applies to bar suit against a state, it is well settled that federal courts are divested of subject matter jurisdiction. *Fairport Int'l Exploration, Inc. v. Shipwrecked Vessel Known as the Captain Lawrence*, 105 F.3d 1078, 1082 (6th Cir. 1997). As such, this Court concludes that it lacks subject matter jurisdiction over Plaintiff's permanent injunction request.

### IV. Conclusion

For the foregoing reasons, Plaintiff's Objections [Docket No. 29] are **DENIED**. This Court agrees with the objection raised by Defendant in its Response to the Report and Recommendation. Insofar as the Report and Recommendation advises that the Amended Complaint seeking the issuance of a permanent injunction in addition to fees and costs should remain pending, the Report and Recommendation is rejected. The

11

remainder of the Report and Recommendation is adopted by this Court.  Because this Court lacks subject matter jurisdiction to hear the permanent injunction request, this case is **DISMISSED**.  The status hearing in this case is hereby **VACATED**.  Each party shall bear its own costs.

**IT IS SO ORDERED**.

**DATED: May 12 , 2006**

                                          **S/ ALLEN SHARP**
                                          **ALLEN SHARP, JUDGE**
                                          **UNITED STATES DISTRICT COURT**